IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CESAR MOSS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:10-cv-0766-MEF |
| ) | |
| STATE OF ALABAMA, DEPARTMENT ) | (WO) |
| OF CORRECTIONS, *et al.,* ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiff's Motion to Re-Consider and Allow Affidavits and Alabama State Personnel Board Rules in Support of the Plaintiff's Opposition of the Defendants' Motion for Summary Judgment Out of Time Due to Accidental Clerical Calendaring Error-Non-Prejudicial (Doc. #40) filed on June 22, 2011 and on defendants' Motion to Strike and Opposition to Plaintiff's Motion to Reconsider (Doc. #41) filed on June 23, 2011.

Plaintiff filed this action on September 10, 2010.  On November 4, 2010, this Court entered a Uniform Scheduling Order (Doc. # 22) setting a deadline of May 18, 2011 for the filing of any dispositive motion.  It also required that "all briefs filed by any party relating" to a dispositive motion which included a discussion of the evidence "must be accompanied by a specific reference, by page and line, to where the evidence can be found in the supporting deposition or document." (Doc. # 22 at p. 1).  Thus, all parties to this action were

on notice as of November 4, 2010 that dispositive motions would be filed not later than May 18, 2011 and that briefs predicated on a discussion of the evidence must include proper citations *and* be accompanied by the contemporaneous filing of the evidence discussed.

On May 18, 2011, the served defendants to this action filed a motion for summary judgment (Doc. # 23), which included evidentiary submissions and a brief in support of the motion. On May 19, 2011, this Court issued an Order (Doc. # 24) addressing the schedule for the submission of the motion. That Order plainly indicated that the motion would be under submission as of June 10, 2011. It required counsel for plaintiff to "file a response which shall include a brief and any evidentiary materials on or before June 3, 2011." (Doc. # 24). It allowed a reply from defendants by June 10, 2011.

On the afternoon of June 3, 2011, counsel for plaintiff contacted law clerk for the undersigned to ask a question about a matter in the scheduling order unrelated to dispositive motions. Aware that the response to summary judgment had not been filed at that time, the law clerk reminded counsel for plaintiff that her response in opposition to summary judgment was due on that very day. Plaintiff's counsel indicated that it was her belief that the response in opposition to summary judgment was due on June 10, 2011. The law clerk read the order setting the deadline to counsel over the phone. Counsel for plaintiff asked questions about how late she could file a response using the Court's electronic filing system and indicated she planned to file a brief in opposition to the summary judgment. The law clerk advised that the response could be electronically filed as late as 11:59 p.m. and that there was also an

after-hours filing box in front of the court house which could be used for filings.

At 10:41 p.m. on June 3, 2011, counsel for plaintiff electronically filed a brief in opposition to the motion for summary judgment. In her brief in opposition, counsel for the plaintiff referred to the deposition of plaintiff, albeit without proper citation as required by the Uniform Scheduling Order. No other items of evidence were discussed in the brief. The deposition of the plaintiff was not electronically filed on June 3, 2011, nor was it placed in the after hours filing box on that date.

The brief contained a statement to the effect that if the Court was not persuaded by the arguments plaintiff's counsel had made, she would like leave to conduct further discovery. Plaintiff's counsel did not specific with particularity the nature of the further discovery, nor did she account for her failure to obtain the discovery prior to that date other than to vague indicate that Defendants had failed to put a knowledgeable representative up for deposition and had ignored her "requests" for discoverable material. Plaintiff's counsel does not indicate the nature and dates of her "requests." Moreover, Plaintiff's counsel never filed a motion to compel seeking the Court's intervention relating to these discovery issues despite knowing that she would be expected to be in a position to respond to a motion for summary judgment by no later than sometime in early June. The Court has nothing before it from which it could conclude anything except that Plaintiff's counsel was dilatory about obtaining the discovery through the means provided in the Federal Rules of Civil Procedure in a timely fashion.

On June 6, 2011, the Court noted the filing of the response in opposition to the summary judgment, but discovered that plaintiff's counsel had not filed the deposition pages cited in the response. A law clerk for the undersigned called plaintiff's counsel to ask where the deposition pages cited in the response were and why they had not been filed. Counsel for plaintiff stated that she had mailed them to the Clerk of the Court. Based on later events, the Court concludes that this statement was false.

On June 7, 2011, counsel for plaintiff filed a Motion to Supplement Plaintiff-Cesar Moss' Response in Opposition to Defendants' Motion for Summary Judgment (Doc. # 27). This motion, which was dropped in the Court's after-hours filing box, sought leave to supplement plaintiff's response in opposition by providing the Court with a copy of the plaintiff's deposition. The motion was accompanied by a paper copy of that deposition which was not in compliance with this Court's local rules for filing. The motion itself provided no explanation whatsoever of why the plaintiff's counsel failed to timely file the evidence in support of her opposition the defendants' summary judgment motion. Consequently, the Court issued an order requiring plaintiff to show cause why her motion should not be denied. The Court expected Counsel to explain her own failure to timely comply with deadlines imposed by orders of this Court or at least to seek extensions of deadline with which she could not comply. Instead, Counsel for plaintiff apparently mistook this order as an invitation to submit further argument and evidence in opposition to the motion for summary judgment.

On June 20, 2011, plaintiff's counsel filed a response (Doc. # 33) to the show cause order which contained new arguments relating to the pending dispositive motion, which had been under submission for ten days. She also attempted to file numerous affidavits and other exhibits in support of her opposition. Arguing she must do so to "prevent manifest injustice," counsel for plaintiff placed new arguments and evidence before the Court a full ten days after the date which she incorrectly believed to be the deadlines for her opposition. Despite the fact that defendants had no opportunity to respond to her untimely submission, counsel for plaintiff argued that there was not prejudice caused by the out of time filing. Counsel for plaintiff asserted that she had acted in good faith, but that due to "excusable neglect" she was acting untimely. Specifically, plaintiff's counsel blamed confusion in her calendar due to her secretary quitting, at an unspecified time, for her failure to timely file the materials. She does not address, however, the fact that she was informed of the actual deadline before it had passed by the law clerk. She does not explain why she did not seek an extension of time before the deadline passed. She does not explain why the materials other than the plaintiff's deposition are not referenced in her original brief or why it took her until June 20, 2011 to be prepared to file the materials.

Because the Court found that the neglect by plaintiff's counsel was not in fact excusable neglect and because the Court was not persuaded that the plaintiff's counsel had show good cause for the failure to timely seek to submit the materials other than the plaintiff's deposition, the Court entered Orders (Doc. # 34 and Doc. #35) which allowed

5

plaintiff to submit a copy of the deposition of plaintiff, in proper format, and nothing else. The Court also granted a motion to strike the untimely materials which defendants' filed. (Doc. # 38).

On June 22, 2011, plantiff's counsel filed Plaintiff's Motion to Re-Consider and Allow Affidavits and Alabama State Personnel Board Rules in Support of the Plaintiff's Opposition of the Defendants[sic] Motion for Summary Judgment Due to Accidental Clerical Calendaring Error-Non-Prejudicial (Doc. # 40). To this motion, plaintiff's counsel appended the untimely evidentiary materials she had previously attempted to file and repeated her additional arguments in opposition to summary judgment. Indeed, it appears that this document is nearly identical to the document plaintiff's counsel filed on June 20, 2011. The additional arguments are not at all persuasive.

For the foregoing reasons, Plaintiff's Motion to Re-Consider and Allow Affidavits and Alabama State Personnel Board Rules in Support of the Plaintiff's Opposition of the Defendants' Motion for Summary Judgment Out of Time Due to Accidental Clerical Calendaring Error-Non-Prejudicial (Doc. #40) filed on June 22, 2011 is DENIED. When considering the pending motion for summary judgment, the Court will not consider the arguments made in (Doc. # 40), nor will it consider any of the exhibits to that.

It is further ORDERED that defendants' Motion to Strike and Opposition to Plaintiff's Motion to Reconsider (Doc. #41) filed on June 23, 2011 is DENIED as MOOT.

DONE this the 24th day of June, 2011.

                                                /s/ Mark E. Fuller
                                          UNITED STATES DISTRICT JUDGE